IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY CHAMBERS,

      Plaintiff,

vs.                                Case No. 16-2093-JTM

BURGER KING,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on pro se plaintiff Johnny Chamber's Motion for Default Judgment. (Dkt. 7). Chambers has sued Burger King over an alleged incident on June 2, 2015, in which he was "attacked and robbed" in the restroom of one of the company's restaurants in Kansas City, Kansas, and "suffered a head injury, and severe shortness of breath." (Dkt. 1, at 4). The assailant fled, and according to Chambers, the restaurant's staff did not immediately follow through when he "asked them several times to call the police." (*Id.*) He does not complain that Burger King failed to call Emergency Medical Services, or that any delay increased his injuries from the robberies. He seeks $425,000 in compensatory damages for his physical injuries and as punitive damages. (*Id.* at 5).

Rule 4(h)(1) the Federal Rules of Civil Procedure permits service of process on corporations "in the manner prescribed for individuals by subdivision (e)(1) or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Rule 4(e)(1) allows service "pursuant to the law of the state in which the district court is located." Fed.R.Civ.P. (e)(1).

Under Kansas law, a corporation may be served with process:

(1) by serving an officer, manager, partner or a resident, managing or general agent, or

(2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or

(3) by serving any agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. Service by certified mail on an officer, partner or agent shall be addressed to such person at the person's usual place of business.

K.S.A. § 60–304(e).

Sending "a certified letter to the corporation but not to any individual does not meet the requirements of the statute for valid service of process" under K.S.A. 60-304. *Porter v. Wells Fargo Bank*, 45 Kan.App.2d 931, 936, 257 P.3d 788 (2011). Nor is sending process by certified mail "addressed generally to the corporation" substantial compliance with the statute. *Id.* Thus, in *Queen v. Feden*, 2005 WL 1941693, *19 (D. Kan. Aug. 12, 2005), this court held that plaintiff had not effected service against defendant Target Stores under K.S.A. 60-304 by sending summons by certified mail addressed to a Target store in Overland Park,

Kansas, and failed to demonstrate that the employee signing for the letter was "an officer, a managing or general agent, an agent authorized by appointment or law to receive service of process for Target, or a person having charge of the Target store." *See also Woods v. Wadeson*, 2014 WL 3740337, *3 (D. Kan. July 30, 2014) (service on defendant Farm Bureau Insurance was insufficient, where "Plaintiff simply sent the Complaint, via certified mail, to Farm Bureau's Regional Office in Manhattan, Kansas," and "the mailings were signed for by someone in Farm Bureau's shipping and receiving department").

In the present case, summons was sent merely to "Burger King, 7736 State Avenue, Kansas City, KS 66112." The certified mailing was later signed for by a "Pamela Heldy," but there is nothing in the pleadings before the court to indicate she is a person authorized to receive process.

Pursuant to Fed.R.Civ.Pr. 4(c)(3), the court will direct the United States Marshal to perform the service of process requested by Chambers. "However, the burden remains on a pro se plaintiff to provide the Marshal with accurate and sufficient information to effectuate service. *Kern v. Clark County Sheriff*, 2016 WL 107942, *2 (D. Nev. Jan. 7, 2016) (citing *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994)). "The Court is not required to, and in fact cannot, act as an investigative body to determine correct addresses for defendants." *Antonetti v. Las Vegas*, 2015 WL 247806, at *3 (D. Nev. Jan. 16, 2015) "The Supreme Court has made it clear that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants." *Id.* (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). "To do so would undermine district judges' role as impartial decisionmakers." *Antonetti*, 2015 WL

3

247806, at *3 (internal quotations omitted).

Further, Rule 4(m) provides that, if service is not accomplished within 90 days after the complaint, the court, after giving notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Chambers filed his complaint on February 10, 2016, and more than 90 days have elapsed without valid service. Accordingly, the court directs that service shall be made no later than June 3, 2016, and towards this end, the plaintiff is directed to provide sufficient information to effect service of process, through the assistance of the United States Marshal, no later than June 24, 2016.

IT IS SO ORDERED this 16th day of May, 2016, that the plaintiff's Motion for Default Judgment (Dkt. 7) is hereby denied.

                                                  ___s/ J. Thomas Marten_____
                                                  J. THOMAS MARTEN, JUDGE