IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHNNY CHAMBERS,

      Plaintiff,

vs.                                                Case No. 16-2093-JTM

BURGER KING, *et al.*,

      Defendants.

MEMORANDUM AND ORDER

Pro se plaintiff Johnny Chambers alleges that on June 2, 2015, he was attacked and robbed in the restroom of a Burger King restaurant in Kansas City, Kansas. According to his Complaint, he went to the restaurant's dining area, and asked the workers to notify the police. He contends that the employees did not do anything for "several minutes," but called the police when another customer asked them to do so. Chambers suggests the workers delayed calling police because he is black. He further alleges that the attack has caused him various health problems, and that the defendants have further discriminated against him by denying liability for his injuries. He states the defendants were negligent in failing to "take proper care and help" him.

Chamber's original Complaint named only "Burger King" and "Burger King Managers" as defendants. Chambers moved for default judgment. The court denied the motion, finding that the plaintiff had not effected a valid service of process under K.S.A.

60-304(e) by sending summons merely to "Burger King, 7736 State Avenue, Kansas City, KS 66112."

On June 3, 2016, Chambers filed an Amended Complaint, which substitutes for the original defendants three specific Burger King officers — "Daniel S. Schwartz, In his Capacity as CEO of Burger King Corporation," "Joshua Kobza, As Burger King Corporation Chief Financial Officer," and "Jose E. Cil, In His Capacity as Burger King President."

The defendants then moved to dismiss the Complaint, noting that the Amended Complaint does not mention Burger King as a defendant, or indicate that the three named officers were present at the restaurant when the incident occurred. The defendants argue that there is no longer any active claim against Burger King, citing the rule that "[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dept. of Corrections*, 160 Fed. Appx. 730, 733-34, 2005 WL 3515716 at *1 (10th Cir. 2005). Nor is there any valid claim against Schwartz, Kobza, or Cil, since Chambers has failed to plead or allege that these individuals were personally involved in any deprivation of his rights.

Chambers responded by seeking leave to file a Second Amended Complaint. (Dkt. 16). Chambers did not attach a copy of the proposed complaint to his motion, but the only grounds Chambers offers for the amendment is that he wishes to add as a defendant Mukesh Dharod. Chambers states that Dharod has been identified as the franchise owner of the restaurant where the incident occurred.

The court will grant the motion to dismiss and deny leave to submit a Second Amended Complaint. The first Amended Complaint is largely composed of various medical records of the plaintiff, to which he has attached a short narrative that states that the restaurant employees did not respond to his request that they call the police until "several minutes elapsed," and did so only after a white customer asked for them to call the police. "Since the incident at Burger King, I have been in the hospital eleven times for severe breathing problems, heart failure, and complications from stress." (Dkt. 9, at 5). He states that "Burger King has continued to discriminate against me" by failing to pay his medical bills and denying liability. Finally he states that he is "accusing Burger King of negligence," because they "failed to take proper care and help me." (*Id.*).   The defendants correctly observe that the first Amended Complaint supplants the original Complaint, and that the Amended Complaint makes no allegations against Burger King itself. In addition, the first Amended Complaint fails to make any showing of how individual defendants Schwartz, Kobza, or Cil — executives of the national Burger King organization who reside in Florida, would have any personal responsibility for the incident which allegedly occurred in the Kansas City, Kansas restaurant.

The court will also deny leave to amend to add Dharod as a defendant. While Chambers now alleges that Dharod is the franchise owner of the restaurant, there is similarly no allegation that Dharod was present at the time of the incident, or played any personal role in the alleged injury to the plaintiff. More importantly, the proposed Second Amendment Complaint adding Dharod is subject to the same defects identified in the

3

Motion to Dismiss of the other defendants.

With respect to the discrimination claim which is suggested indirectly by the Complaint, Chambers has identified no particular constitutional right which the workers at the restaurant may have violated in waiting two or perhaps three minutes to call police. And plaintiff has demonstrated no basis for finding that Dharod as the alleged franchise owner[1] acted to deprive him of such a constitutional right. Ordinarily, a supervisor is not liable for any actions of his subordinates unless "there exists either (1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

With respect to the negligence claim explicitly advanced in the narrative, the court notes that Chambers has not argued in the Amended Complaint that Burger King employees failed to timely contact emergency medical workers, only that they failed to call the police when he first asked. Similarly, there is no allegation in the Amended Complaint that the brief delay in calling the police was the proximate cause of plaintiff's alleged injuries — as opposed to the assault committed by the robber. And plaintiff makes no showing of any specific duty of care which the restaurant employees owed to Chambers to remedy an injury committed by a third party.

---

[1] Defendants deny that Dharod is in fact the franchise owner of the restaurant.

IT IS ACCORDINGLY ORDERED this 12th day of August, 2016, that the defendants' Motion to Dismiss (Dkt. 14) is granted; plaintiff's Motion to Amend (Dkt. 16) is denied.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE